UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

ANTHONY JONES,

                    Plaintiff,

        - against -                                  Civ. No.: 11-CV-6333 (JG)(SMG)

EAST BROOKLYN SECURITY SERVICES
CORP. and WINCHESTER KEY,

                    Defendants.

--------------------------------------------------------X

## PARTIES' PROPOSED JOINT PRE-TRIAL ORDER

Pursuant to the order of the Court, the parties hereby submit their proposed joint pre-trial

order.

### 1.    FULL CAPTION OF THE ACTION

This action is entitled Anthony Jones against East Brooklyn Security Services Corp. and

Winchester Key, 11-CV-6333 (JG)(SMG).

### 2.    TRIAL COUNSEL

| | | |
|---|---|---|
| 1. | Plaintiff's Counsel: | Frank & Associates, P.C.<br>500 Bi-County Blvd., Suite 112N<br>Farmingdale, New York 11735<br>Tel. (631) 756-0400<br>Fax. (631) 756-0547 |
| | Trial Counsel: | Peter A. Romero<br>Edward L. Sample, II. |
| 2. | Defendants' Counsel: | The Law Office of Dov Medinets<br>981 Bay Street, Suite 7<br>Staten Island, New York 10305<br>Tel. (646) 201-9360<br>Fax. (917) 791-9789 |
| | Trial Counsel: | Dov B. Medinets |

### 3.    BASIS OF SUBJECT MATTER JURISDICTION

In this action, Plaintiff Anthony Jones claims Defendants discriminated against him based on his disability and failed to provide a job-related accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), New York State Executive Law § 296 *et seq.* ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Plaintiff also claims unlawful retaliation under the ADA and NYSHRL.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper within the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful discriminatory and retaliatory conduct alleged occurred within this district. This Court has jurisdiction over all pendent state and city law claims brought in this action pursuant to 28 U.S.C. § 1367.

### 4.    SUMMARY OF CLAIMS

#### A.    Plaintiff's Claims With Respect to Liability

On July 22, 1996, Plaintiff suffered a back injury that required a steel rod to be inserted in his back to support his back and spine. The injury caused Plaintiff to periodically suffer episodes of pain, spasms, discomfort and physical stress. These episodes were exacerbated by long drives and walking up and down flights of stairs.

In 1999, Plaintiff was hired by East New York Urban Youth Corps., Inc., a corporation operated by Defendant Key. In or around February 2002, Defendant Key incorporated a new business, Defendant EBSS. Defendants hired Plaintiff to work as a security guard. In or around September 2002, Defendants promoted Plaintiff to the management position of security coordinator. Defendants continued to require Plaintiff to perform regular guard duties in

2

addition to his new duties as security coordinator. Throughout Plaintiff's tenure with Defendants, Plaintiff performed his duties in exemplary fashion.

In early 2009, Defendant Key assigned Plaintiff to a complex in East New York known as Williams Avenue Associates. This complex was made up of fifteen (15) buildings, each building consisting of four (4) flights and no elevators. Defendants required Plaintiff to conduct at least four rounds each night as part of his security detail. This required Plaintiff to climb four (4) flights of stairs several times during each round and exacerbated his back injury.

In Summer 2009, Plaintiff informed Defendant Key that he was unable to climb stairs due to his impairment and asked Defendant Key to provide reasonable accommodation for his disability. Defendants refused and/or failed to provide reasonable accommodation for his disability. Over the next fifteen months, Plaintiff repeatedly complained to Defendant Key that his new assignment caused him to suffer substantial pain and reiterated his requests for reasonable accommodation. Defendants refused and/or failed to engage in the interactive process and continued to deny Plaintiff reasonable accommodation for his disability.

In or around September 2010, Plaintiff delivered a letter to Defendants describing his physical limitations and reiterating his need for reasonable accommodation of his disability. Plaintiff requested to be transferred to a facility where he was no longer required to climb many flights of stairs daily. Defendants ignored Plaintiff's letter. In October 2010, Defendants retaliated against Plaintiff by suspending him for two weeks for allegedly taking a computer without permission. In late October 2010, Plaintiff met Defendant Key and provided him with another copy of his accommodation request letter and advised Defendants that he wished to discuss a reasonable accommodation of his disability upon his return to work. On November 1, 2010, Defendants retaliated against Plaintiff by terminating his employment. Defendants alleged

3

business justification for terminating Plaintiff's employment – alleged theft of the computer – is nothing more than a pretext to cover up Defendants' discriminatory animus.

Plaintiff submits that Defendants cannot satisfy their burden of proving, by a preponderance of the admissible evidence, that Plaintiff's accommodation request – transfer to a facility where he was no longer required to climb stairs – imposed an undue hardship.  Indeed prior to his transfer to the Williams Avenue facility, Plaintiff effectively performed his duties, including management of multiple facilities, without having to repeatedly climb stairs.

In general, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed.   However, the notice requirement is waived where, as here, Plaintiff's disability is "obvious or otherwise known to the employer without notice from the employee."   See Felix v. New York City Transit Authority, 154 F.Supp.2d 640, 657 (S.D.N.Y. 2001). "[I]f an employee's disability and need to accommodate it are obvious, an employee is not required to expressly request reasonable accommodation." See Norris v. Allied-Sysco Food Serv., 948 F.Supp. 1418 (N.D.Cal. 1996), aff'd, 191 F.3d 1043 (9th Cir. 1999), cert. denied, 528 U.S. 1182, 120 S.Ct. 1221 (2000).

Here, Defendants had actual notice of the need for accommodation.  On numerous occasions Plaintiff had informed Defendants that repeatedly going up and down the stairs exacerbated his back injury and caused him significant physical stress and pain.   Plaintiff was not required to specifically request any and all accommodations that could possibly be reasonable. See Medlin v. Rome Strip Steel Co., Inc., 294 F.Supp.2d 279, 292 (N.D.N.Y. 2003). "Once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation.   The appropriate reasonable accommodation is best determined through a

4

flexible, interactive process that involves both the employer and the [employee] with a disability." Medlin at 292 quoting 29 C.F.R. Pt. 1630, App. §1630.9.

If, as Defendants claim that Plaintiff's transfer to an alternate facility was unreasonable, Defendants should have engaged in the interactive process to ascertain whether effective accommodations were available that would have allowed Plaintiff to fulfill his duties as a security coordinator. Plaintiff claims that such accommodations were available and that Plaintiff could have performed his duties as security supervisor remotely from alternate facilities that used elevators like North Core Studios or Marjorie Richardson Court.

To the extent that Defendants claim that Plaintiff failed to exhaust his administrative remedies and to satisfy conditions precedent and/or jurisdictional prerequisites to asserting such claims, Plaintiff submits that the claims are reasonably related to the charge of discrimination that Plaintiff filed with the EEOC and would have reasonably grown out of the EEOC's investigation of Plaintiff's charge. Thus, to the extent that Defendants claim that Plaintiff's transfer to an alternate facility was unreasonable, Plaintiff submits that Defendants' failure to make a reasonable effort to determine the appropriate accommodation of Plaintiff's disabilities would fall within the reasonably expected scope of an EEOC investigation of his charge of discrimination. See Butts v. City of New York Dept. of Housing Preservation and Development, 990 F.2d 1397, 1401-1403 (2d Cir. 1993), *superseded by statute on other grounds as stated in* Hawkins v. 1115 Legal Services Care, 163 F.3d 684 (2d Cir. 1998).

B.    Defendants' Defenses With Respect to Liability

In or about September 2002, Plaintiff, an employee of Defendant EBSS, was promoted from his position of security guard to Security Director. As Security Director, Plaintiff was charged with general oversight and direction of the day to day operations of EBSS. His authority

5

included, among other things, designating the work schedules and hours of the security guards; assigning specific guards to each of the various properties under contract with EBSS; conducting state mandated security training courses for the security guards; collecting, reviewing, approving, and submitting all security guard time sheets; interviewing and selecting all prospective hires; general oversight of employees and enforcement of discipline, including, when necessary, terminating employees. Plaintiff's hiring and firing recommendations were subject to the approval of Mr. Key. The remainder of Plaintiff's responsibilities were administered independently of direct oversight.

Plaintiff's essential job functions also included site visits to each of the locations under contract with EBSS several times per week at a minimum. All of the locations under contract with EBSS were within a few blocks of each other. To the extent that Plaintiff asserts that he was unable to conduct inspection at a specific site due to the lack of elevators, Defendants contend that this amounts to an inability to perform his essential job functions.

While Director of Security, Plaintiff continued to take security detail shifts assigned by himself. In no case did Mr. Key have any involvement in the scheduling or location assignments of Plaintiff. To the contrary, these day to day decisions were the sole provenance of Plaintiff both in regard to his own assignments as well as to the assignments of every security guard in the company.

At no time during his employment did Plaintiff ever request any accommodation with respect to any disability or, indeed, advise Defendants of any disability. To the extent that Plaintiff propounds a document purporting to be a request for accommodation for a disability, Defendants maintain said document to be a subsequent forgery created for the purposes of litigation.

6

During 2009, Mr. Key received a report that Plaintiff had slipped a threatening letter under the door of one of the residents of Marjorie Richardson Court, one of the locations where EBSS was contracted. Plaintiff was subsequently barred from the Marjorie Richardson location.

In or about October, 2010, Defendant Key received a report from the site director of the North Core Studios location regarding the possible theft by Plaintiff of a computer belonging to the New York City Department of Homeless Services.

Defendant Key investigated the report and learned that Plaintiff had removed a computer from North Core Studios to his own home. Plaintiff admitted to Mr. Key that he had taken the computer, but asserted that he had received permission from a site supervisor. The site supervisor advised Mr. Key that she had not authorized Plaintiff to take a Department of Homeless Services computer for his own use. Plaintiff was subsequently suspended for two weeks and instructed to immediately return the stolen computer. Plaintiff failed to do so. On or about November 1, 2010, Plaintiff was terminated for gross misconduct.

Following his termination, on or about January 24, 2011, Plaintiff filed a charge of discrimination against Urban Youth Corp with the EEOC alleging that Defendants discriminated against him by making derogatory remarks concerning his faith. The charge further alleges that in September 2010 Plaintiff advised Defendant Key that Plaintiff could no longer serve as his chauffer and that he subsequently faced a "hostile work environment" before being terminated on November 1, 2010. The charge did not allege that Plaintiff ever needed or requested an accommodation with respect to any of his working conditions. As such, Plaintiff's claims at trial must be limited to those allegations set forth in his EEOC charge.

          C.     Plaintiff's Claims With Respect to Damages

Plaintiff alleges that he has suffered and continues to suffer substantial loss of past

7

earnings as a proximate result of Defendants' discrimination.

Plaintiff seeks backpay damages from November 1, 2010 through the date of trial, with pre-and post-judgment interest thereon, based on Plaintiff's annual earnings of $53,500.

Plaintiff seeks damages for front pay, in lieu of reinstatement from the date of judgment through 2016, based on Plaintiff's annual earnings of $53,500.

Plaintiff alleges that he has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses as a proximate result of Defendants' actions. Plaintiff seeks compensatory damages for the severe emotional pain and suffering, mental anguish, humiliation and embarrassment he has suffered and will continue to suffer as a result of Defendants' discriminatory conduct in an amount to be determined at trial.

Plaintiff alleges that Defendants acted with malice and/or with reckless indifference to the rights afforded Plaintiff under the ADA and NYCHRL, and its conduct was done in conscious disregard of Plaintiff's rights. Plaintiff seeks punitive damages in an amount to be determined at trial.

Plaintiff seeks the costs and disbursements of this action, including reasonable attorneys' fees.

### D. Defendants' Defenses With Respect to Damages

To the extent that Defendants bear any liability for Plaintiff's alleged lost wages, Defendants assert that Plaintiff has failed to mitigate his damages by seeking and accepting alternative work. See e.g. Faragher v. City of Boca Raton, 524 U.S. 775 (1998). As such any damages sustained by Plaintiff must be offset accordingly.

Following Plaintiff's termination, Defendant Key was advised that the security guard

training Plaintiff had been conduction for the company had been done without the necessary state licensure. This amounts to subsequent independent grounds for Plaintiff's termination. As such Plaintiff's damages must be limited in time going no farther forward than such time as Defendants became aware of said grounds for termination.

      E.     Claims Previously Asserted Which Are Not To Be Tried

None.

**5.**     **JURY/NON-JURY**

This case is to be tried before a jury. The parties estimate that the trial will take 4-6 days. All parties have not consented to trial by the Magistrate Judge.

**6.**     **WITNESSES**

      A.    Plaintiff's Witnesses

1.     Anthony Jones – 816 Saratoga Avenue, Apt. 1B, Brooklyn, NY 11212

Mr. Jones is expected to testify regarding Defendants' discriminatory and retaliatory conduct. Mr. Jones is also expected to testify to his work performance, disabilities, requests for accommodation and the discrimination he experienced.

2.     Winchester Key – c/o Defendants

Mr. Key is expected to testify regarding Plaintiff's work performance, engagement in protected activity, Defendants' retaliation and Plaintiff's discharge. Mr. Key is also expected to testify regarding Plaintiff's disabilities, requests for accommodation and the discrimination Plaintiff endured.

3.     Selma Hasan – 3322 Avenue J, Brooklyn, New York 11210

Ms. Hasan is expected to testify regarding Plaintiff's work performance, engagement in protected activity, Defendants' retaliation and Plaintiff's discharge. Ms. Hasan is also expected

to testify regarding Plaintiff's disabilities, requests for accommodation and the discrimination Plaintiff endured.

4. Tantenisha James – c/o Defendants

Ms. James is expected to testify regarding Plaintiff's work performance and disabilities.

5. Christopher Holness – c/o Defendants

Mr. Holness is expected to testify regarding Plaintiff's work performance, engagement in protected activity, Defendants' retaliation and Plaintiff's discharge. Mr. Holness is also expected to testify regarding Plaintiff's disabilities, requests for accommodation and the discrimination Plaintiff endured.

6. Jocelyne Pierre – Address Unknown

Ms. Pierre is expected to testify regarding Plaintiff's work performance and disabilities.

7. Cheryl Ennever – Address Unknown

Ms. Ennever is expected to testify regarding Plaintiff's work performance and disabilities.

8. Marline Rogers – Address Unknown

Ms. Rogers is expected to testify regarding Plaintiff's work performance and disabilities.

9. Bernard Gold – Address Unknown

Mr. Gold is expected to testify regarding Plaintiff's work performance, disabilities and the discrimination Plaintiff endured.

10. Elliot Richardson – Address Unknown

Mr. Richardson is expected to testify regarding Plaintiff's work performance and disabilities.

11. "Miguel" (Last Name Unknown) – Address unknown

Miguel is expected to testify regarding Plaintiff's work performance and disabilities.

12. Beneros "Tony" Estevez – 882-900 Dumont Avenue, Brooklyn, New York 11207

Mr. Estevez is expected to testify regarding Plaintiff's work performance and disabilities.

13.     Cruz Fuksman – 882-900 Dumont Avenue, Brooklyn, New York 11207

Mr. Fuksman is expected to testify regarding Plaintiff's work performance and disabilities.

14.     Julie Harrison – 359 Hendrix Street, Brooklyn, New York 11207

Ms. Harrison is expected to testify regarding Plaintiff's disabilities.

15.     James Whitfield  –  Address Unknown

Mr. Whitfield is expected to testify regarding Plaintiff's work performance and disabilities.

16.     Dr. Ali Talib Abdulla – 582 Halsey St., Brooklyn, New York 11216

Dr. Abdulla is Plaintiff's treating physician.  Dr. Abdulla is expected to testify regarding
Plaintiff's disabilities.

17.     Dr. Li Blao Jiao – Natural Care Acupuncture PC, 33-70 Prince Street, Room 508,
        Flushing, New York 11354

Dr. Jiao is Plaintiff's treating physician.  Dr. Jiao is expected to testify regarding Plaintiff's
disabilities.

18.     Marie Jean-Louise, P.T.A. – 51 E. 25th St., New York, New York 10010

Ms. Jean-Louise is Plaintiff's treating physical therapy assistant.  Ms. Jean-Louise is expected to
testify regarding Plaintiff's disabilities.

19.     Dr. John F. Weller – 1302 Kings Highway, Brooklyn, New York 11229

Dr. Weller is Plaintiff's treating physician.  Dr. Weller is expected to testify regarding Plaintiff's
disabilities.

20.     Dr. Paul Brisson – 51 E. 25th St., 6th Fl., New York, New York 10010

Dr. Brisson is Plaintiff's treating physician.  Dr. Brisson is expected to testify regarding
Plaintiff's disabilities.

21.     Dr. Bhim Nangia – 189 Montague St., Brooklyn, New York 11201

11

Dr. Nangia is Plaintiff's treating physician. Dr. Nangia is expected to testify regarding Plaintiff's disabilities.

22.     Dr. Mahmood A. Khwaja – 1135 Eastern Parkway, Brooklyn, New York 11213

Dr. Khwaja is Plaintiff's treating physician. Dr. Khwaja is expected to testify regarding Plaintiff's disabilities.

| Witness | Objection | Basis for Objection |
|---------|-----------|---------------------|
| Bernard Gold | Hearsay | |

B.     Defendants' Witnesses

1. Anthony Jones – 816 Saratoga Avenue, Apt. 1B, Brooklyn, NY 11212

Mr. Jones is expected to testify regarding his work duties and history as well as his theft of property under his supervision.

2.     Winchester Key – 539 Alabama Avenue, Brooklyn, NY 11207

Mr. Key is expected to testify regarding Plaintiff's work duties, history, and termination.

3.     Selma Hasan – 3322 Avenue J, Brooklyn, New York 11210

Ms. Hasan is expected to testify regarding Plaintiff's theft of property under his supervision.

4.     Tantenisha James – 539 Alabama Avenue, Brooklyn, NY 11207

Ms. James is expected to testify regarding Plaintiff's work duties, history, and termination.

5.     Christopher Holness – 539 Alabama Avenue, Brooklyn, NY 11207

Mr. Holness is expected to testify regarding Plaintiff's work duties, history, and termination.

6.     Jocelyne Pierre – Address Unknown

Ms. Pierre is expected to testify regarding Plaintiff's work duties, history, and termination.

7.     Cheryl Ennever – Address Unknown

Ms. Ennever is expected to testify regarding Plaintiff's work duties, history, and termination.

       8.     Beneros "Tony" Estevez – 882-900 Dumont Avenue, Brooklyn, New York 11207

Mr. Estevez is expected to testify regarding theft of property under his supervision.

      The parties reserve the right:  (1) to amend or supplement this list at any point up to and including the time of trial for good cause shown, (2) to call any and all witnesses on the respective witness list of the other party or parties whether or not the opposing party actually offers such witness at the time of trial.

       7.     **DEPOSITION TRANSCRIPTS**

      The parties do not intend to offer deposition testimony in their cases in chief at trial. However, the parties reserve the right to offer deposition testimony for the purpose of rebutting and/or impeaching any claims or contentions raised by the other party or parties.

       8.     **STIPULATED FACTS**

      The parties have not entered into any stipulations.

       9.     **EXHIBITS**

### PLAINTIFF'S EXHIBIT LIST

| Exhibit No. | Producing Party | Bates No. | Date | Description | Objection |
|---|---|---|---|---|---|
| | Defendants | | 05/31/12 | Defendants' Rule 26 Initial Disclosures | |
| | Defendants | | 09/04/12 | Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents | |
| | Defendants | | 09/11/12 | Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories | |

| | Plaintiff | P205-206 | 01/24/11 | Plaintiff's EEOC Charge of Discrimination | Hearsay |

| | Plaintiff | P177-178 | 07/19/11 | Letter from Plaintiff to Mr. Gigante regarding EEOC Charge | Hearsay |
|---|---|---|---|---|---|
| | Plaintiff | | 11/20/10 | EEOC Intake Questionnaire | Hearsay |
| | Plaintiff | P119 | 09/03/10 | Memorandum from Plaintiff to Mr. Key regarding request for accommodation | |
| | Plaintiff | | 10/01/10 | Letter from Plaintiff to Mr. Hay regarding retaliation | Hearsay |
| | Plaintiff | P198 | 10/25/10 | Memorandum from Mr. Key to Plaintiff regarding suspension | |
| | Plaintiff | P199 | 11/01/10 | Letter from Mr. Key to Plaintiff regarding termination | |
| | Plaintiff | P176 | 01/09/11 | Letter from BlueCross BlueShield to Plaintiff regarding termination of group health plan coverage | Hearsay |
| | Plaintiff | P196 | 07/19/11 | Letter from Mr. Abdul-Hafeez to Mr. Gigante regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
| | Plaintiff | P212 | 07/21/11 | Letter from Ms. Jones regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
| | Plaintiff | P211 | Undated | Letter from Mr. Cohen to Mr. Gigante regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
| | Plaintiff | P213 | 07/19/11 | Letter from Mr. Mason regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
| | Plaintiff | P214 | 07/19/11 | Letter from Ms. Nesmith to Mr. Gigante regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
| | Plaintiff | P215 | 07/20/11 | Letter from Mr. Gold regarding Plaintiff's emotional distress | Hearsay |
| | Plaintiff | | 07/19/11 | Letter from Mr. Rampersaud to Mr. Gigante regarding Plaintiff's work performance | Hearsay |
| | Plaintiff | | 07/20/11 | Letter from Mr. Cesare to Mr. Gigante regarding Plaintiff's work performance | Hearsay |
| | Plaintiff | | 10/18/10 | Letter from Ms. Rodriguez regarding computer investigation | |

| | Plaintiff | | 07/23/11 | Letter from Mr. Sadiq to Mr. Gigante regarding Plaintiff's chauffeuring duties for Mr. Key | Hearsay |
|---|---|---|---|---|---|
| | Plaintiff | P195 | 09/30/02 | Prospective Hire Information Form noting Plaintiff's promotion to security coordinator | |
| | Plaintiff | P174 | 01/06/03 | Payroll Status Change Form noting Plaintiff's merit based increase | |
| | Plaintiff | P175 | 07/18/11 | Letter from Mr. Fuksman regarding Plaintiff's work performance | Hearsay |
| | Plaintiff | P100 | 10/11/12 | Medical records from Dr. Nangia | |
| | Plaintiff | P101 | 12/19/11-02/10/12 | Medical records from Dr. Mollins | |
| | Plaintiff | P123, P132-150, P153-154, P160-164, P167-172 | 12/08/00-03/21/12 | Medical records from Dr. Brisson | |
| | Plaintiff | P125-P131 | 11/21/02-12/13/02 | Medical records from Ms. Jean-Louise | |
| | Plaintiff | P152, P155-159 | 11/22/11 | Independent Medical Examination from Dr. Waller | |
| | Plaintiff | P207-210 | 11/22/06 | Independent Medical Examination from Dr. Fulco | |
| | Plaintiff | P165-166 | 10/25/11 | Letter from Plaintiff to Mr. Berry regarding EEOC charge | Hearsay |
| | Plaintiff | P180 | 02/17/11 | Letter from Ms. James to Plaintiff regarding termination | |
| | Plaintiff | P181-182 | 02/23/11 | Letter from Mr. Key to Ms. Cadle regarding Plaintiff's EEOC charge | |
| | Plaintiff | P183-184 | Undated | Letter from Ms. Morgan regarding Plaintiff's work performance | Hearsay |
| | Plaintiff | P195 | 02/01/02 | Prospective Hire Information Form noting Plaintiff's hire as security guard | |
| | Plaintiff | P200 | 10/21/10 | Notes of meeting with Mr. Key and Plaintiff regarding computer investigation | Hearsay |

| | Plaintiff | P201 | 10/18/10 | Memorandum from Mr. Estevez to Mr. Key regarding computer investigation | |
| | Plaintiff | P202 | 10/19/10 | Memorandum from Mr. Estevez to Mr. Key regarding computer investigation | |
| | Plaintiff | P203 | 10/22/10 | Notes of meeting with Mr. Key, Ms. James, Plaintiff and Beneros Estevez regarding computer investigation | Hearsay |
| | Plaintiff | | 07/06/12 | Neurological Consultation Report from Dr. Nangia | |
| | Plaintiff | | 10/22/12 | Medical records from Dr. Brisson | |
| | Plaintiff | | 02/28/12 | Medical records from Dr. Finkel | |

| | Defendants | | 09/21/11 | Memorandum from Mr. Turner (EEOC) to file regarding interview with Mr. Key | Hearsay |
| | Defendants | | 09/21/11 | Memorandum from Mr. Turner (EEOC) to file regarding interview with Mr. Holness | Hearsay |
| | Defendants | | 05/31/11 | Letter from Ms. James to Mr. Gigante regarding Plaintiff's EEOC charge | |
| | Defendants | | 05/04/11 | Letter from Ms. James to Plaintiff regarding termination | |
| | Defendants | | | Security Director Job Description | |
| | Defendants | | | Security Guard Job Description | |
| | Defendants | | | Policy on computer removal | |

## DEFENDANTS' EXHIBIT LIST

Defendants do not intend to introduce any exhibits apart from those set forth in Plaintiff's Exhibit List.

### 10.    RESERVATION OF RIGHTS

Subject to the ruling of this Court, the parties, by and through counsel, reserve their respective rights to amend and to supplement this pretrial order.

Subject to the ruling of this Court, the parties reserve the right to use any relevant and

admissible exhibit identified by the opposing party in their exhibits list whether or not the

opposing party actually offers such exhibit at the time of trial.

**SO ORDERED.**

_____

U.S.D.J.

Dated: Brooklyn, New York
      April __, 2014

17