Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY JONES,

       Plaintiff,        11-CV-6333 (JG)(SMG)

  -against-

EAST BROOKLYN SECURITY SERVICES
CORP. and WINCHESTER KEY,

       Defendants.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

  Plaintiff submits this Memorandum of Law in support of his motion to amend the Complaint pursuant to Fed.R.Civ.P. 15. This action arises out of Plaintiff's employment with Defendant. The Complaint asserts claims of disability discrimination under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. §12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. §296 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. §8-107 et seq., and claims of retaliation under the ADAAA and NYSHRL. Plaintiff respectfully requests leave to amend his Complaint in order to add a claim for retaliation under the NYCHRL based on the same operative set of facts upon which his ADAAA and NYSRHL retaliation claims are based. The

1

failure to include a retaliation claim under the NYCHRL in the original pleading was a technical oversight, which was only recently discovered by Plaintiff's counsel in the course of preparing this case for trial after the attorney who had been litigating the case left the firm.

Plaintiff's motion to amend the Complaint to include a retaliation claim under the NYCHRL satisfies the liberal standards of the Federal Rules of Civil Procedure. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading by leave of court and leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Monahan v. New York City Dept. of Corrections,* 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y.1998) (internal quotation marks and citations omitted). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234 (2d Cir. 1995). Accordingly, "[i]f no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.); see also, *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (counseling that it is "rare" that leave to amend should be denied); see also, *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) ("the rule in [the Second] Circuit has been to allow a party to amend its pleading in the absence of a showing by the nonmovant of prejudice or bad faith."). .

To determine whether a party will be prejudiced by a proposed amended pleading, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction.'" *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir.2000), *quoting Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). Courts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim. *See Monahan v. New York City Dep't of Corrs., supra,* 214 F.3d at 284; *Hanlin v. Mitchelson,* 794 F.2d 834, 841 (2d Cir.1986); *State Teachers Ret. Bd. v. Fluor Corp., supra,* 654 F.2d at 856.

Here, the proposed amendment will require no new discovery or additional preparation for trial because it is based on the same verbatim operative facts alleged in the original complaint. The fact that Defendants had knowledge of the facts giving rise to the proposed claim also weighs in favor of permitting the amendment. *Monahan*, at 284-85; *Purdy v. Town of Greenburgh*, 166 F.Supp.2d 850, 859 (S.D.N.Y. 2001) (finding that the ADEA claim plaintiff sought to add, after discovery was completed and a motion for summary judgment had been served, would not prejudice defendants since the ADEA claim was based on the same facts as the §1983 age discrimination claim asserted in the original complaint). So too here, Plaintiff does not seek to introduce new facts. He merely wants to add a new statutory basis for his retaliation claim. Defendants were aware of the underlying facts due to Plaintiff's assertion of retaliation claims under the ADAAA and NYSHRL.

The facts connecting the causes of action for retaliation under the ADAAA, NYSHRL and NYCHRL are the same and there is no prejudice to the Defendants. Thus, leave to amend should be granted. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995) (finding district court abused its discretion in denying plaintiff's motion for leave to file a supplemental complaint alleging an additional cause of action for unlawful retaliation where the facts of the

proposed claim were connected to the original pleading). Since there is no prejudice to Defendants, Plaintiff respectfully requests that leave to amend his Complaint be granted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for leave to amend his complaint to add a party defendant should be granted.

Dated: July 23, 2014

                                FRANK & ASSOCIATES, P.C.

By: _____
Peter A. Romero
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*

4