UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANTHONY JONES,                                              CV-11- 6333 (JG) (SMG)

                                Plaintiff,

   - against-


EAST BROOKLYN SECURITY SERVICES CORP.
and WINCHESTER KEY,

                                Defendants.
-----------------------------------------------------------------------x

## **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL AND JUDGMENT AS A MATTER OF LAW**

                                                      Peter A. Romero, Esq.
                                                      FRANK & ASSOCIATES, P.C.
                                                      500 Bi-County Blvd, #112N
                                                      Farmingale, NY 11735
                                                      primero@laborlaws.com
                                                      Tel. (631) 756-0400
                                                      Fax. (631) 756-0547

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………..……………...……….. II-III

ARGUMENTS ……………………………………………………..……………………...... 2

1. The Defendants Are Not Entitled to a New Trial or Judgment As a Matter of Law Under Rule 51 on the Basis of Jacobsen v. New York City Health and Hospital Corporation………………………………………………………………. ..……… 1

2. Plaintiff Did Not Fail to Establish an Accommodation Claim Under State and City Law ………………………………..................................................................... 4

3. Defendants May Not Seek to Alter the Jury Award by Arguing That Punitive Damages Cannot Be Recovered in the Absence of Actual Damages Because They failed to Raise Any Objection to the Instruction on Punitive Damages or the Verdict Sheet ……………………………………………………………………… 7

CONCLUSION  ………………………………………………………………………….. 9

# TABLE OF AUTHORITIES

**Cases**

*Colbert v. Furumoto Realty, Inc.*, 144 F.Supp.2d 251 (S.D.N.Y. 2001) ............................. 8

*Hagelthorn v. Kennecott,* 710 F.2d 76 (2d Cir.1983) ……………….....………………….... 1

*Hill v. Airborne Freight Corp.,* 212 F.Supp.2d 59  (E.D.N.Y. 2002) …………………….. 6

*Jacobsen v. New York City Health and Hospitals Corporation*, 22 N.Y.3d
 824, 835, 988 N.Y.S.2d 86 (2014) ……...…………………………………………… 3-4

*Jarvis v. Ford Motor Co.*, 283 F.3d 33 (2d Cir. 2002) ……………………………………... 1, 6

*Jordan v. Bates Advertising Holdings, Inc.*, 816 N.Y.S.2d 310(Sup. N.Y. 2006) ……………... 8

*King v. Macri*, 993 F.2d 294, 298 (2d Cir. 1993) …………………………………………. 7

*King v. New York City Bd. of Educ., C.S.D. # 28*, 96–CV–2730, 2000 WL 1897349
(E.D.N.Y. Dec. 19, 2000) ……………………………………………………………..... 2

*Local Union No. 38 v. Pelella*, 350 F.3d 73, 87-88 (2d Cir. 2003), *cert. denied* 541
U.S. 1086, 124 S.Ct. 2821, 159 L.Ed.2d 248 (2004) …………………………………….... 7

*Payne v. Jones,* 711 F.3d 85 (2d Cir.2013) …………………………………………...…… 8

*Pescatore v. Pan American World Airways, Inc.*, 97 F.3d 1 (2d Cir. 1996) ……………………. 2

*Queenie, Ltd. v. Nygard Int'l*, 204 F.Supp.2d 601 (S.D.N.Y.2002) …………………..……… 7

*Salemi v. Gloria's Tribeca Inc.*, 115 A.D.3d 569, 982 N.Y.S.2d 458
 (1st Dep't 2014) ……………………………..………………………………………….. 8

*Syrnik v. Polones Construction Corp.*, 918 F.Supp.2d 262 (S.D.N.Y. 2013) ………………….... 6

*Thorsen v. County of Nassau*, 722 F.Supp.2d 277 (E.D.N.Y. 2010) ……………………….... 1-2

Ting Yao Lin v. Hayashi Ya II, Inc., 2009 WL 289653
 (S.D.N.Y., Jan. 30, 2009) ………………………………………………………………… 8

*Veerman v. Deep Blue Group L.L.C.*, 2010 WL 4449067
(S.D.N.Y. Nov. 3, 2010) ……………………………………………………...………… 7-8

*Wallace v. Suffolk County Police Department*, 2010 WL 3835882,
(E.D.N.Y. Sept. 24, 2010) ……………………………………………………………… 7

*Yore v. M/V LNG LEO*, 210 F.3d 356 (2d Cir.2000) …………………..……………………:. 2

**Rules**

Executive Law § 292[21–e] ................................................................................... 3

Fed. R. Civ. P. 50 ................................................................................................. 4

Fed. R. Civ. P. 51 ................................................................................................. 1-2

N.Y. City Admin. Code § 8–102(18) ................................................................... 3

Plaintiff, by and through his attorneys, Frank & Associates, P.C., respectfully submits this Memorandum in Opposition to Defendants' motion for a new trial and judgment as a matter of law.

**Defendants Are Not Entitled to a New Trial or Judgment As a Matter of Law Under Rule 51 on the Basis of Jacobsen v. New York City Health and Hospitals Corporation**

Defendants' claim they are entitled to a new trial or judgment as a matter of law because of the instruction regarding the affirmative disability claim. After the close of evidence, the Court informed the parties of its proposed instructions and provided the parties with an opportunity to object on the record before the instructions were given to the jury. Fed.R.Civ.P. 51 requires a party to state distinctly the matter objected to and the grounds for the objection. Defendants failed to state any objection to the proposed instructions regarding the affirmative disability discrimination claim. The only objection Defendants raised concerned the instructions related to Plaintiff's retaliation claim. (T254:25; 255, 256:1-10). "The Federal Rules of Civil Procedure are clear that a party bears the affirmative duty to raise an objection to a charge…*before* the jury retires." *Thorsen v. County of Nassau*, 722 F.Supp.2d 277, 287 (E.D.N.Y. 2010) (original emphasis). Therefore, a party may only assign an error to a jury instruction if that party properly objected. *Id.* citing Fed.R.Civ.P. 51(d)(1)(A). "[F]ailure to object to a jury instruction…prior to the jury retiring results in a waiver of that objection." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir. 2002); *Hagelthorn v. Kennecott,* 710 F.2d 76, 85 (2d Cir.1983).

Here, Defendants concede that they did not timely object to the instruction regarding the interactive process. See, Def. Memo: "In the present case, Defendant did not make a formal objection to the instruction at the time of the charge conference." Instead, they claim that the objection was preserved because Defendants' proposed instructions did not include the

interactive process language, an argument that is at odds with counsel's claim that he was unaware of the *Jacobsen* decision prior to trial. In any event, Defendants may not rely on the submission of their own proposed jury instructions to preserve an objection. *See, e.g., Yore v. M/V LNG LEO,* 210 F.3d 356, at *1 (2d Cir.2000) ("[A] plaintiff may not rely on her submission of proposed jury instructions to preserve an objection.") (internal quotation marks omitted); *Caruso v. Forslund,* 47 F.3d 27, 31 (2d Cir.1995); *King v. New York City Bd. of Educ., C.S.D. # 28,* 96–CV–2730, 2000 WL 1897349, at *3 (E.D.N.Y. Dec. 19, 2000) ("A party cannot rely solely on the submission of a proposed jury instruction to preserve an objection to a jury charge that fails to include the instruction.").

Thus, Defendants' objection to the instruction was not preserved and an error not preserved under Rule 51 may be reviewed only in "exceptional circumstances." *Thorsen,* 722 F.Supp.2d at 288. In a civil case, "the plain error exception 'should only be invoked with extreme caution.'" *Pescatore v. Pan American World Airways, Inc.,* 97 F.3d 1, 18 (2d Cir. 1996) (*quoting United States v. Carson,* 52 F.3d 1173, 1188 *2d Cir. 1995), *cert. denied,* 516 U.S. 1122, 116 S.Ct. 934 (1996)). Defendants have not, and cannot, show that such relief is warranted under "this highly stringent standard" and under the facts of this case. *Thorsen,* 722 F.Supp.2d at 288

Until his assignment to Williams Avenue, Plaintiff had been able to perform all of the essential duties of his position. Plaintiff testified that his assignment to Williams Avenue required him to monitor four story buildings and to patrol each floor of the building, which necessitated him repeatedly climbing up and down the stairs because the buildings did not have an elevator. He testified that he advised Defendant Key that his assignment to Williams Avenue had a negative impact on his physical condition and caused him increasing discomfort and back

pain. Plaintiff testified that he asked to be reassigned from Williams Avenue as a reasonable accommodation for his disability. (T10:18-25;11:1) (T36:19-23) (T38:14-25;39:1-14); (Plaintiff's Exhibit 1); (T42-43, 44:1-13).

Under the NYSHRL, "reasonable accommodation" means "actions taken which permit an employee, prospective employee or member with a disability to perform in a reasonable manner the activities involved in the job or occupation sought or held" as long as "such actions do not impose an undue hardship on the business, program or enterprise of the entity from which action is requested" (Executive Law § 292[21–e] ). The NYCHRL, however, places the burden on the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business. *Jacobsen v. New York City Health and Hospitals Corporation*, 22 N.Y.3d 824, 835, 988 N.Y.S.2d 86, 94 (2014). Where, as here, the employee seeks a specific accommodation for his disability, the employer must give individualized consideration to that request and may not arbitrarily reject the employee's proposal without further inquiry. *Jacobsen*, 988 N.Y.S.2d at 95.

Because the NYCHRL presumes all accommodations to be reasonable until proven otherwise, Defendants had the burden of demonstrating, as an *affirmative defense*, that the requested accommodation was overly burdensome, or that Plaintiff could not perform the essential functions of his job even with a reasonable accommodation. *See* N.Y. City Admin. Code § 8–102(18) ("The [employer] shall have the burden of proving undue hardship." See also, *Phillips*, 884 N.Y.S.2d at 378 ("the employer, not the employee, has the 'pleading obligation' to prove that the employee 'could not, with reasonable accommodation, satisfy the essential requisites of the job'"; further recognizing the New York City Council's "legislative policy

choice to deem all accommodations reasonable except for those a defendant proves constitute an undue hardship").

While Defendants are correct that the New York Court of Appeals has clarified that "the employer does not automatically fail to establish the affirmative defense premised on the lack of any reasonable accommodation solely because it did not participate in an interactive process," it has also noted that "that failure poses a formidable obstacle to the employer's attempt to prove that no reasonable accommodation existed for the employee's disability." *See Jacobsen*, 988 N.Y.S.2d at 97. In this case, Defendants failed to put forth any evidence to discharge their burden of proving Plaintiff's proposed accommodation would cause undue hardship. While Defendants' motion is predicated solely on their conjecture and supposition that the jury determined that a lack of response to Plaintiff's September 3 accommodation memo compelled them under State and City law to find Defendants liable for failure to engage in the *interactive process*, there was sufficient evidence for the jury to find Defendants liable for failure to accommodate under State and City law, *regardless of Defendants' failure to engage in the interactive process*, and Defendants presented no evidence of undue hardship.[1]

**Plaintiff Did Not Fail to Establish an Accommodation Claim Under State and City Law**

Defendants argue that it was within Plaintiff's power to provide his own accommodation. Defendants made this very argument to the jury, which it apparently rejected. Plaintiff testified that "my boss wanted me to go over there to make sure that he place ran well because it was

---

[1] In order for the jury to find in favor of Plaintiff on his reasonable accommodation claim, it had to first determine whether Plaintiff was disabled within the meaning of the three statutes. The fact that the jury found Defendants liable under the NYSHRL and the NYCHRL, but not liable under the ADA, is undoubtedly because the definition of disability under State and City law is far broader than the definition of disability under the ADA.

different from the other sites" because there "was more activity on Williams Avenue that it was at the other sites." (T37:8-17). Further, Plaintiff testified:

Q. During the period of time that you were a security supervisor, did you perform any duties in addition to your supervisory duties?

A. Yes. I was posted at sites, I was posted onsite. Most of my hours that I did, the majority of those hours was on a post.

Q. When you say on the post or on a site, by that, what do you mean by that?

A. Meaning that – me being at Williams Avenue was included in the amount of security officers that were allowed to work at a site.

Q. Were you one of the guards in the rotation?

A. I was one of them, yes.

Q. How many security offers were assigned to the Williams Avenue location?

A. Two per shift.

Q. How long did you continue to work at the Williams Avenue site?

A. I guess I was over there for about, it could been at least maybe, I don't know, maybe six, seven, eight months.

Q. During that time, did you have any discussions with Mr. Key about working at Williams Avenue?

A. Yes, sir.

Q. What were those discussions?

A. I told him that, that going up and down the stairs was causing me discomfort with my back and I would like to be moved from that site.

Q. Did Mr. Key respond to your request?

   A. He just said he'll get back to me.

   Q. Did he ever get back to you?

   A. No, sir.

(T37-39). The jury clearly credited Plaintiff's testimony in this regard.

### The Jury Properly Awarded Plaintiff Punitive Damages

  Defendants argue that there was insufficient evidence to support an award of punitive damages. However, Defendants may not challenge the *fact* that the jury awarded punitive damages since they neither objected to the jury charges provided by the Court which explicitly addressed the issue of punitive damages nor moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 on the issue at any time prior to the jury's rendering its verdict. *Syrnik v. Polones Construction Corp.*, 918 F.Supp.2d 262, 264 (S.D.N.Y. 2013) (citing *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir.2002) (Sotomayor, J.) ("We have previously emphasized that failure to object to a jury instruction ... prior to the jury retiring results in a waiver of that objection..." (quotation marks and alteration omitted)).

  Moreover, it is reasonable for juries to infer that employers have acted in violation of the law "simply by virtue of the well established Supreme Court case law on discrimination and retaliation, the long standing statutory scheme proscribing such conduct, the size of [the employer-defendant] and the common knowledge in today's society that employment discrimination is impermissible." *Hill v. Airborne Freight Corp.*, 212 F.Supp.2d 59, 76 (E.D.N.Y.2002). Here, the jury clearly credited Plaintiff's testimony that he had been working at the Williams Avenue location for six to eight months, during which time he repeatedly asked Key to be reassigned but his requests were ignored. Plaintiff's unrebutted testimony is that he provided Key with a memorandum requesting assignment to a different location because the

assignment to Williams Avenue was exacerbating his back condition and that Key ignored his request. The jury was instructed that it may award punitive damages if it found that Defendants acted in "reckless disregard or callous disregard or with indifference to the rights of the injured person." (T326:12-19). The parties had stipulated that Plaintiff had spinal surgery performed at Cabrini Hospital in 2001, and thereafter had continued treatment with his spine doctor through 2004 and that there were additional visits to the doctor that had performed his spinal surgery in the years 2009, 2011 and 2012. (T192:15-25; 193:1-9). In light this record, the jury was entitled to find that Key's conduct showed "callous disregard" of, or indifference to, Plaintiff's rights. "Courts are entitled to presume that the jury followed the instructions given to it." *Wallace v. Suffolk County Police Department*, 2010 WL 3835882, at *10 (E.D.N.Y. Sept. 24, 2010).

**Defendants May Not Seek to Alter the Jury Award by Arguing That Punitive Damages Cannot Be Recovered in the Absence of Actual Damages Because They Failed to Raise Any Objection to the Instruction on Punitive Damages or the Verdict Sheet**

The jury was instructed by the Court that, "Indeed, juries are entitled to award punitive damages even if they find that plaintiff has failed to establish compensatory damages." (T326:6-8). In addition, the verdict form allowed the jury to award punitive damages even if no other damages were awarded. DE 42 Defendants did not object to this instruction at the charge conference or before the jury retired. Nor did Defendants raise any objection to the verdict sheet. Absent such an objection, Defendants may not seek to alter the jury award by arguing that punitive damages cannot be recovered in the absence of actual damages. *Local Union No. 38 v. Pelella*, 350 F.3d 73, 87-88 (2d Cir. 2003), *cert. denied* 541 U.S. 1086, 124 S.Ct. 2821, 159 L.Ed.2d 248 (2004).; *King v. Macri*, 993 F.2d 294, 298 (2d Cir. 1993); *Veerman v. Deep Blue Group L.L.C.*, 2010 WL 4449067, at *5 (S.D.N.Y. Nov. 3, 2010); *Queenie, Ltd. v. Nygard Int'l*, 204 F.Supp.2d 601, 606 (S.D.N.Y.2002).

## The Jury's Award of $26,000 in Punitive Damages Was Not Unreasonable

Finally, Defendants challenge the amount of the punitive damage award, claiming that $26,000 is excessive. However, "[a]wards of punitive damages are by nature speculative, arbitrary approximations. No objective standard exists that justifies the award of one amount, as opposed to another, to punish a tortfeasor appropriately for his misconduct. Nor is there any formula to determine the dollar amount needed to effectuate deterrence." *Payne v. Jones*, 711 F.3d 85, 93 (2d Cir.2013). The jury's award of $26,000 is in the normal range for punitive awards for discrimination and retaliation claims. *Veerman, supra* (upholding award of $10,000 in punitive damages) (*citing Ting Yao Lin v. Hayashi Ya II, Inc.*, 2009 WL 289653, *8 (S.D.N.Y., Jan.30, 2009) (approving punitive damages awards for $5,000 to plaintiffs who were "upset" or "in low spirits" after being wrongly terminated); *Colbert v. Furumoto Realty, Inc.*, 144 F.Supp.2d 251, 258 (S.D.N.Y. 2001) (concluding "that $30,000 is not so egregious as to shock the judicial conscience."); *Salemi v. Gloria's Tribeca Inc.*, 115 A.D.3d 569, 982 N.Y.S.2d 458 (1st Dep't 2014) (punitive damages award of $1.2 million under NYCHRL was not grossly excessive); *Jordan v. Bates Advertising Holdings, Inc.*, 816 N.Y.S.2d 310 (Sup. N.Y. 2006) (upholding $500,000 in punitive damages under the NYCHRL).

## **CONCLUSION**

For all of the foregoing reasons, Defendants' motion for a new trial or judgment as a matter of law should be denied.

Dated: Farmingdale, New York
August 29, 2014

Respectfully submitted,

FRANK & ASSOCIATES, P.C.

By: _____/s_____

Peter A. Romero, Esq.
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
(631) 756-0400
primero@laborlaws.com