UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY JONES,

                    Plaintiff,

      - against -                    Civ. No.: 11-CV-6333 (JG)(SMG)

EAST BROOKLYN SECURITY SERVICES
CORP. and WINCHESTER KEY,

                    Defendants.
----------------------------------------------------------X

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

Defendants, by and through their counsel, The Law Office of Dov Medinets, respectfully submit this Memorandum of Law in reply to the opposition of Plaintiff to Defendants' motion for a new trial under FRCP §§59 and 51, and renewal of their motion for judgment as a matter of law pursuant to FRCP § 50.

Plaintiff's Opposition to this instant Motion concedes that the jury was incorrectly instructed that it could find liability merely for failing to engage in the "interactive process" under the State and City Statutes. This incorrect instruction amounted to an entirely complete and independent grounds for liability where none existed. The jury's finding of no liability under the ADA, where the instruction was not given, as well as the notes sent out by the jury during their deliberations make it overwhelmingly clear that this undisputedly incorrect grounds for liability was, in fact, the sole ground upon which the jury found for Plaintiff. Plaintiff has not contested that this instruction "affect[ed] the substantial rights" of Defendants. Indeed, what could affect Defendants substantial rights more than allowing the jury to find liability on unambiguously improper grounds? Where, as here, the jury explicitly finds no liability under the proper grounds for a cause of action, but finds liability solely on the basis of separate improper

grounds, judgment on such a verdict must surely "go to the very integrity of the trial". <u>Pescatore v. Pan Am. World Airways, Inc.</u>, 97 F.3d 1, 3 (2d Cir. 1996).

Plaintiff also argues that an accommodation claim was established under the City and State Statutes on the basis of Defendants' failure to transfer him from Williams Avenue. However, Plaintiff is conflating his alleged posting to Williams Avenue with whether he was ever told to go up any stairs to do rounds on the upper floors of Williams Avenue. As set forth in Defendants' prior Memorandum, Plaintiff conceded at trial that at all times, he had both the authority and the immediate ability to have other security guards do all of the stair climbing. This flatly contradicts the sole accommodation claim set forth by Plaintiff: "Defendants required Plaintiff to conduct at least four rounds each night as part of his security detail. This required Plaintiff to climb four flights of stairs several times during each round and exacerbated his back injury." Complaint ¶23. Plaintiff attempts to avoid this by subtly shifting the cause of action to the broader contention that he was posted at Williams Avenue.

Plaintiff argues that Defendants' failure to object to the jury instruction concerning punitive damages in the absence of actual damages serves to waive the requirement under New York law that punitive damages require, at a minimum, a finding of nominal damages. However, in the present case, it is unquestionably true that the jury was permitted to find punitive damages in the absence of actual damages in the event that liability was found under the ADA. Furthermore, the cases cited by Plaintiff come stem from the <u>King v. Macri</u>, 993 F.2d 294 (2d Cir. 1993) line if decisions. In King, the Second Circuit explained that the jury may well have thought there were actual damages but simply allocated the entire amount to the punitive award. "This jury might have first concluded that the excessive force merited an aggregate award [… ] and then, following the instructions, elected to impose all of this sum as punitive damages." <u>Id</u> at

298. The Second Circuit stated that the threshold question was whether "the evidence would have supported an award of compensatory damages[.]" Id. In the present case, as has been discussed, the only violation the jury found was the mere failure to engage in the interactive process. No actual discriminatory conduct was found. As such, there could be no finding of actual damages and thus the King line of cases is inapplicable. As such, the New York rule barring a recovery of punitive damages absent actual damages must control.

**WHEREFORE**, in light of the foregoing, Defendants respectfully request that this Court (i) enter judgment as a matter of law in favor of Defendants on the NYSHRL and NYCHRL claims; or, in the alternative (ii) vacate the Jury's award of punitive damages; or, in the alternative, (iii) order a new trial on limited issues; or, in the alternative, (iii) order remittitur on the punitive damages award to a nominal sum; as well as (iv) grant Defendant such other and further relief as this Court deems just and equitable.

Dated: Staten Island, NY
       September 5, 2014

                                  Respectfully submitted,

                                  The Law Office of Dov Medinets

                          By:   /s/_____
                                  Dov Medinets, Esq.
                                  Attorneys for Defendants
                                  981 Bay Street, Suite 7
                                  Staten Island, New York 10305
                                  (646) 201-9360