UNITED STATES DISTRICT COURT     FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---

ANTHONY JONES,

                      Plaintiff,        MEMORANDUM
                                                     AND ORDER
           - versus -                      11-CV-6333 (JG)

EAST BROOKLYN SECURITY SERVICES
CORP. and WINCHESTER KEY,

                      Defendants.

A P P E A R A N C E S:

        FRANK & ASSOCIATES P.C.
             500 Bi-County Blvd, 112N
             Farmingdale, NY 11735
        By:     Peter Arcadio Romero
             *Attorney for Plaintiff*

        THE LAW OFFICE OF DOV MEDINETS
             981 Bay Street, Suite 7
             Staten Island, New York 10305
        By:     Dov Medinets
             *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        The plaintiff in this case, Anthony Jones, was once employed by defendant East Brooklyn Security Services, whose principal is the second defendant, Winchester Key. After he was fired, Jones brought suit in 2011 on a number of theories, but by the time of the jury trial (from July 28 to July 30, 2014), only disability-related claims remained in the case. The jury found the defendants not liable on Jones' claim of failure to accommodate his disability under the Americans with Disabilities Act ("ADA") and his federal and state retaliation claims, but it did find liability on Jones' parallel discrimination claims under the New York State and New York City Human Rights Laws. The jury awarded no compensatory damages and $26,000 in

punitive damages. *See* Jury Verdict, DE 42 (July 30, 2014). The defendants have moved for judgment notwithstanding the verdict or for a new trial; they also argue that the damages should be eliminated or reduced.

Defendants first attack liability on the ground that the jury was improperly instructed on Jones' state claims. I instructed the jury that "unlike the ADA, the defendant's failure to engage in the interactive process is itself an independent violation of the State Human Rights law," Trial Tr. 317:20-22, and I repeated the instruction for the City HRL claim, *see* Tr. 319:21:23. My instruction finds support in *Phillips v. City of New York*, 884 N.Y.S.2d 369, 373-75 (1st Dep't 2009). But a decision from the New York Court of Appeals from March of this year makes clear that *Phillips* and my instruction were erroneous. *See Jacobsen v. New York City Health & Hospitals Corp.*, 22 N.Y.3d 824, 838 (N.Y. 2014) ("[T]o the extent [that] *Phillips* can be interpreted as implying that a good faith interactive process is an independent element of the disability discrimination analysis under either the State or City HRL which, if lacking, automatically compels a grant of summary judgment to the employee or a verdict in the employee's favor, we reject that notion.") (internal citation omitted). *Jacobsen* nonetheless makes clear that the failure to engage in the interactive process is still evidence to be considered in the plaintiff's case to establish the availability of reasonable accommodation. *See id*.

Critically, however, the defendants did not object to this instruction. Defendants point out that in their proposed jury instructions, they omitted this theory of liability. But the mere submission of a proposed set of jury instructions that differed from the final charges is not enough to preserve a claim of error; a party must offer specific objections to the proposed charge in order to give a chance for the opposing party to respond and the court to correct any errors. *See Caruso v. Forslund*, 47 F.3d 27, 31 (2d Cir. 1995)); Fed. R. Civ. P. 51(c)(1), (d)(1); *United*

*States v. Crowley*, 318 F.3d 401, 412-13 (2d Cir. 2003) (explaining why the same principle applies under the analogous criminal rule). Therefore, defendants may only now object under the plain error standard. *See* Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights."). The Second Circuit has cautioned that "the plain error exception to Rule 51's objection requirement should only be invoked with extreme caution in the civil context." *Rasanen v. Doe*, 723 F.3d 325, 333 (2d Cir. 2013) (internal quotation marks omitted). The bar to relief is high: "To constitute plain error, a court's action must contravene an established rule of law and go to the very essence of the case." *Id.* (internal quotation marks, citations, and brackets omitted).

Defendants make a strong case that the error may have been harmful. The jury found no liability on the federal claim, which (per my instructions) did not permit the apparently erroneous theory of liability. Furthermore, the jury sent notes requesting testimony on the request for an accommodation and on the differences among the federal, state, and city claims. *See* Court Ex. 2, 3.

Nonetheless, it is possible that the jury rested its split decision on other differences between the state and federal claims. For example, the jury instructions noted that the state and local claims permit a finding of disability on a less strict standard. Furthermore, the instructions expressly stated that an employer need only employ four people to be covered by the state law; plaintiff introduced very little evidence of the number of employees at the firm, and the jury may have judged that he did not show the fifteen or more employees necessary to be covered by the ADA.

Ultimately, although the question is close, I conclude that given the strict civil plain error standard, the defendants have not met their burden to warrant a new trial based on the

error in the instructions. A reversal would be unjust and the costs of retrial are high. Given the timing of the decision in *Jacobsen*, there is no reason defendants could not have timely objected to my erroneous instruction, and I cannot be sure that the jury would have found in the defendants' favor if properly instructed.

Defendants also challenge liability on the basis of insufficient evidence. Jones' claims rested on his allegation that the defendants failed to accommodate his inability to repeatedly climb stairs in a particular building, which exacerbated a back injury. The defendants argue that Jones' own testimony conclusively shows that he could have reassigned himself from the building or assigned other employees to climb the stairs. This claim, which essentially challenges the jury's judgment of the facts, is more easily disposed of. Jones cites his own testimony that he told Key that he needed to be reassigned, and Key did not do so. *See* Tr. 38:20-39:11. Reading the record as a whole, the jury could have reasonably concluded that, although Jones had general supervisory authority over other officers, only Key had the power to reassign Jones from the problematic Williams Avenue building.

Defendants' other arguments go to damages. First, defendants argue that the evidence did not permit a jury to find an entitlement to punitive damages. Second, they argue that state law prohibits punitive damages where a jury has awarded no compensatory damages. And third, defendants argue that the damages were unreasonably or unconstitutionally high in comparison to the zero compensatory damages.

As to the factual point, I conclude that the evidence at trial would permit a reasonable jury to award punitive damages. If the jury credited the plaintiff's testimony that he requested an accommodation and heard nothing for months, and that Key was aware of the pain Jones was in but did nothing, that would rationally permit a jury to find a "callous disregard" of

4

the plaintiff's rights supporting punitive damages. *Cf. E.E.O.C. v. Yellow Freight Sys., Inc.*, 98 CIV. 2270(THK), 2002 WL 31011859 (S.D.N.Y. Sept. 9, 2002) (awarding $50,000 in punitive damages for ADA violation where employer failed to engage in interactive process).

I reject the defendants' legal arguments as well. Defendants offered no objection to my instruction that punitive damages were available even if the jury found no compensatory damages; therefore, this argument too is reviewable only for plain error. Furthermore, the common law principle that defendants cite is significantly more nuanced than stated in its briefing. Authority within New York courts is mixed.[1] But the best view is that punitive damages are available when a plaintiff shows the defendant, through sufficiently culpable conduct, caused an injury to the plaintiff's legally protected interest. In other words, the plaintiff need only show liability on a cause of action, plus sufficiently outrageous conduct to support punitive damages. The common law rule only precludes punitive damages that stand apart from a finding of legal liability. *See, e.g.,* Restatement (Second) of Torts § 908 cmt. c ("Compensatory damages in a trifling amount and substantial punitive damages in the same verdict are not necessarily inconsistent. It is essential, however, that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action."). The contrary view depends on a punning confusion: that unless the jury awards compensatory damages, the plaintiff has not shown "damage," i.e., the invasion of a legally protected interest, and has in some way failed to establish a cause of action at all. *See* Richard C. Tinney, *Sufficiency of*

---

[1] For example, it is clear that a plaintiff may obtain punitive damages when a jury awards only nominal damages, and it is also clear that in defamation cases, punitive damages may be obtained without any actual damages award. *See* 36 N.Y. Jur. 2d Damages § 181 (citing cases). And it is clear that there is no separate cause of action for punitive damages: "A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud." *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 634 N.E.2d 940, 945 (N.Y. 1994). Thus, a separate claim or demand for punitive damages must be dismissed when all claims for liability are dismissed.

*Showing of Actual Damages to Support Award of Punitive Damages – Modern Cases*, 40 A.L.R.4th 11 (1985).

Finally, I reject defendants' arguments that the punitive damages were impermissibly high. As an initial matter, the Supreme Court has expressly recognized that "heavier punitive awards have been thought to be justifiable . . . when the value of injury and the corresponding compensatory award are small." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 494 (2008) (internal quotation marks and citations omitted) (citing Restatement (Second) of Torts § 908 cmt. c). And the Second Circuit continues to permit awards of punitive damages in Title VII cases even without any compensatory award. *See Cush-Crawford v. Adchem Corp.*, 271 F.3d 352, 357 (2d Cir. 2001) (upholding $100,000 punitive damages award in Title VII case despite absence of compensatory damages award). Thus, it can hardly be said that the award of $26,000 in punitive damages here is unconstitutional. As to my authority to order remittitur under New York's statutory standard while sitting in diversity, *see generally Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415 (1996), I decline to do so here, since I do not find that the award "deviates materially from what would be reasonable compensation," N.Y. C.P.L.R. § 5501(c). The jury permissibly found that defendants caused Jones a modest but compensable harm; I will not disturb their judgment of the appropriate remedy.

In sum, the defendants' motions are denied, and the jury's verdicts are upheld in full.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 23, 2014
      Brooklyn, New York