UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY JONES,

                    Plaintiff,

          - against -                              Civ. No.: 11-CV-6333 (JG)(SMG)


EAST BROOKLYN SECURITY SERVICES
CORP. and WINCHESTER KEY,

                    Defendants.
--------------------------------------------------------X


MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND COSTS




                                        THE LAW OFFICE OF DOV MEDINETS
                                        Dov Medinets, Esq.
                                        Attorneys for Defendants
                                        981 Bay Street, Suite 7
                                        Staten Island, New York 10305
                                        (646) 201-9360

## <u>TABLE OF AUTHORITIES</u>

**CASES**

<u>Greenbaum v. Handelsbanken</u>, 998 F.Supp. 301 (SDNY 1998) …………………………2,3

<u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983)………………………………………………2,3,4,5

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>
<u>and Albany County Bd. of Elections</u>, 522 F.3d 182 (2nd Cir. 2007)………………...2,3

**STATUTES**

N.Y., Code § 8-502(g)……………………………………………………………………1

PRELIMINARY STATEMENT

Defendants, by and through their counsel, The Law Office of Dov Medinets, respectfully submit this Memorandum of Law in opposition to Plaintiff's motion seeking legal fees and expenses.

In this instant Motion, Plaintiff's counsel seeks $101,293.60 in legal fees and expenses in an action in which Plaintiff was unsuccessful on the majority of his claims, including all federal claims, was awarded zero actual damages, and a minimal $26,000 in punitive damages.

In the underlying action, Plaintiff asserted five (5) causes of action against Defendants. The most serious causes of action were for retaliatory termination under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). Plaintiff also asserted cases of action for failure to accommodate a disability under the ADA, NYSHRL and New York City Human Rights Law ("NYCHRL").

The Jury returned a verdict finding Defendants not liable on the ADA and NYSHRL retaliation claims, as well as the ADA accommodation claim, and liable on the NYSHRL and NYCHRL accommodation claims. The Jury found no actual damages, but awarded $26,000 in punitive damages.

Of the five causes of action in this case, Plaintiff seeks attorney's fees and costs under only one caue of action.

The NYCHRL provides that "the court, *in its discretion*, may award the prevailing party costs and reasonable attorney's fees[.]" N.Y., Code § 8-502(g)(emphasis added). Thus as a starting point, it is critical to note that "the district court is afforded broad discretion in assessing a reasonable fee award based on the circumstances of the case." Greenbaum v. Handelsbanken, 998 F.Supp. 301 (SDNY 1998) citing Hensley v. Eckerhart, 461 U.S. 424 (1983).

<u>ARGUMENT</u>

i.    <u>Plaintiff's requested hours are not reasonable</u>.

As set forth in Plaintiff's Memorandum of Law, requests for attorneys fees in this Circuit are controlled by the Second Circuit case <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections</u>, 522 F.3d 182 (2nd Cir. 2007).

> A plaintiff bringing suit under […][an] Act, pursuant to which fees can be recovered from the other side, has little incentive to negotiate a rate structure with his attorney prior to the litigation; the district court must act later to ensure that the attorney does not recoup fees that the market would not otherwise bear. Indeed, the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively. Id at 184.

Thus, in determining the reasonableness of billing submitted by a plaintiff's counsel, must not simply show that there was some use to the hours billed, but must demonstrate that a reasonable plaintiff, in light of all of the circumstances in the case, would have agreed to pay for such expenditures of time or resources.

In the present case, the Plaintiffs billing of 359 hours on a relatively simply matter such as this, is neither reasonable, nor in line with the hours a reasonable Plaintiff, in light of the facts and circumstances of this case would have approved.

The most egregious example of this is the time Plaintiff's counsel seeks to bill for a second attorney, Mr. Romero's junior associate, David Barnhorn's travel and appearance at trial. During the course of the trial Mr. Barnhorn engaged in no oral agrument, direct or cross examination of witnesses, opening or closing staments or any other detectible part of the trial. Yet Plaintiff's counsel has set forth 31.3 hours of time for Mr. Barnhorn's travel and apperance at trial.

Looking to the controlling guidance of the Second Cuircuit in <u>Arbor Hill</u>, it certainly could never be contended, that a reasonable plaintiff, "who wishes to pay the least amount necessary to

2

litigate the case effectively" would ever agree to pay for a second attorney to appear at trail, to all apperances simply to help with files and possibly take notes. Yet, Plaintiff's counsel seeks fees of $5,400 for Mr. Barnhorn's trial work. This is what the Supreme Court has cationed against in Hensley v. Eckerhart, 461 U.S. 424, (1983), stressing that "[t]he district court [...] should exclude from this initial fee calculation hours that were not "reasonably expended" and specificaly cations that "[c]ases may be overstaffed".

In the same vein, counsel seeks hundreds of dollars for photocopying fees at a rate of twenty cents a page. Just such a practice was disallowed in Greenbaum v. Handelsbanken, 998 F.Supp. at 306.

ii.    Plaintiff impermissibly seeks recovery for unreasonable travel time.

Where counsel's offices require substantail trael time to reach the court where the action is venued, the court will not allow counsel to seek an award encompasing such travel time "when equally experienced employment discrimination lawyers are available in New York City[.]" Greenbaum v. Handelsbanken, 998 F.Supp. at 305.

Here, Plaintiff's request for over $5,000 for traveling time alone is extremely unreasonable. If Plaintiff's Defendant must not be charged for Plaintiff's decision to retain counsel with offices a four hour round trip away from this Court, as the billing records herein suggest it is.

iii.   Plaintiff's attorney fees must be dramatically reduced as a result of the limited success on the merits.

Once presumptively reasonable hours and expences have been determined the inquiry must continue under the framwork set forth by the Suprmeme Court in Hensley v. Eckerhart.

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions

3

must be addressed. First, *did the plaintiff fail to prevail on claims* that were unrelated to the claims on which he succeeded? Second, *did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award*? Id at 434 (emphasis added).

In the present case, Plaintiff both failed to prevail on unrelated claims and failed to achieve a level of success sufficient to make the expended hours a reasonable basis for a fee award.

In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are *based on different facts and legal theories*. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved […] [and] no fee may be awarded for services on the unsuccessful claim Id (emphasis added).

Plaintiff's primary claim was retaliatory termination. This was the charge Plaintiff made to the EEOC. This was the claim for which significant damages came into play, because back and front pay of his entire salary for many years would be the likely result of a finding of liability. The accommodation claim, on the other hand, was quite limited from a damages perspective, as the Plaintiff was fired for stealing a computer within a month or two of the alleged accommodation memorandum. The substantial amount time spent in litigating this action, has been focused primarily on the retaliation causes of action upon which Defendants' were successful.

Indeed, Plaintiff was unsuccessful on all federal claims. Thus the very reason the Defendants were hailed into Federal Court and the concomitant added expenses associated with litigating this case in Federal Court, were found to be without merit. Indeed, it cannot be doubted that had Plaintiff commenced an action in New York State Supreme Court simply on a NYCHRL and NYSHRL accommodation claim spanning a one or two months period of employment, the action could have gone to trial for a small fraction of the $101,293.60 they now seek.

While Plaintiff will certainly argue that the claims are overlapping as they all touch, in some way, upon Plaintiff's disability, such a suggestion inapt. The question of whether or not

Plaintiff was fired for stealing a computer hinges on an entirely different set of evidentiary facts than does a claim about whether the defendants failed to provide him with a required disability accommodation.

The Hensley Court stressed that:

[When] a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained. Id at 435.

Not only was the vast majority of the time spent in this litigation focused precisely on the causes of ation on which Plaintiff was unsuccessful., while Plaintiff was seeking hundreds of thousands of dollars in damages, the jury awarded him a very modest $26,000 and found that he had sustained no actual damages at all on the two counts Plaintiff was successful on. Given the resources Plaintiff asserts in this motion were put into this action, this can be viewed as symbolic victory alone. Such a success, on such limited causes of action, must necessitate a drastic reduction in attorney's fees allowed, if any.

Finally, to the extent that ths Court finds an award of attorney's fees appropriate in this case, Defendants request that the Court exercise its wide discretionary powers in this matter and limited entry of such an award to the corporate defendant alone and not to Winchester Key the individual defendant.

**WHEREFORE**, in light of the foregoing, Defendants respectfully request that this Court (i) deny Plaintiff's motion for attorney's fees and costs; or, in the alternative, (ii) award attorney's fees in an amount consistent with the limited success obtained by Plaintiff in this action; as well as (iii) grant Defendants such other and further relief as this Court deems just and equitable.

5

Dated: Staten Island, NY
       November 14, 2014

                                          Respectfully submitted,

                                          The Law Office of Dov Medinets

                                          By:      /s/_____
                                          Dov Medinets, Esq.
                                          Attorneys for Defendants
                                          981 Bay Street, Suite 7
                                          Staten Island, New York 10305
                                          (646) 201-9360