UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
ANTHONY JONES,

No. 11-CIV-6333 (JG)

Plaintiff,

-against-

EAST BROOKLYN SECURITY SERVICES CORP., et al.,

Defendants.
---------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

FRANK & ASSOCIATES, P.C.
Peter A. Romero
*Attorneys for Plaintiff*
500 Bi-County Blvd, #112N
Farmingdale, NY 11735
promero@laborlaws.com
Tel. (631) 756-0400
Fax. (631) 756-0547

Plaintiff by his attorneys respectfully submits this Reply in further support of its application for attorneys' fees.

Plaintiff's counsel has submitted contemporaneous time records. Defendants argue in a conclusory manner that the number of hours expended by Plaintiff's counsel, to wit 359, is not reasonable. (*See* Def.'s Opp'n Mem. at 2.) In determining whether the number of hours spent by counsel was reasonable, a court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent in a given case." *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992)).

Defendants have failed to specifically identify any hours they claim were not reasonably expended by Plaintiff's counsel, other than Mr. Barnhorn's travel and attendance at trial. It is clear, however that "prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983); *Lynch v. Town of Southampton,* 492 F.Supp.2d 197, 213 (E.D.N.Y.2007) ("It is reasonable and somewhat customary, that a trial attorney be assisted in the preparation and trial of the case.... [I]t is not unreasonable to have assistance in the preparation of witnesses and the handling of exhibits and transcripts during the trial.").

Defendants also take issue with time billed for travel time. As noted in Plaintiff's moving papers, travel time was billed at 50%. Defendants argue Plaintiffs' counsel should not be compensated at all for travel time because there are equally experienced employment discrimination attorneys in the New York City area. While that is undoubtedly true, Frank & Associates, P.C. took this case pursuant to a retainer agreement with Plaintiff that provided for a fee only if Plaintiff obtained a recovery. Due to the contingent nature of the case, Plaintiff's

1

counsel risked substantial time and effort with no ultimate guarantee of compensation. Frank & Associates, P.C. stood to gain nothing in the event the case was unsuccessful. Plaintiff's counsel is unaware of any experienced employment law practitioners who accept cases such as this on a straight contingency fee basis without a substantial retainer. Moreover, the customary hourly fees billed by experienced attorneys in New York City are substantially higher than the rates requested by Plaintiff's counsel. Thus, any savings realized by Defendants if travel were eliminated or reduced would be offset by higher rates awarded to attorneys in New York City.

Finally, Defendants argue that Plaintiff's attorney fees must be dramatically reduced because Plaintiff prevailed on his affirmative disability discrimination claim, but did not prevail on his retaliation claim. Defendant's argument has no merit. The lodestar figure is accorded a strong presumption of reasonableness. *City of Burlington v. Dague,* 505 U.S. 557, 561–63, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449, (1992); *Grant v. Martinez,* 973 F.2d 96, 101 (2d Cir.1992), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993). "So long as the plaintiff's unsuccessful claims are not 'wholly unrelated' to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994) (quoting *Grant,* 973 F.2d at 101). Such fees may be awarded where "the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories.' " *Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1183 (2d Cir. 1996) (quoting *Dominic v. Consolidated Edison Co. of New York. Inc.,* 822 F.2d 1249, 1259 (2d Cir. 1987)).

Here, Plaintiff obtained a jury verdict in his favor on the affirmative disability discrimination claims under the State and City Human Rights Law. The jury found in favor of Defendants on the claim of discrimination under the federal Americans with Disabilities Act and

2

retaliation claims. Plaintiff's discrimination and retaliation claims are inextricably intertwined and involved a common core of facts and therefore the time spent pursuing the unsuccessful claims is compensable. *Reiter v. Metro. Transp. Auth. of the State of N.Y.*, No. 01 Civ. 2762, 2007 WL 2775144, at *13 (S.D.N.Y. Sept. 25, 2007) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal quotation marks omitted)). As the Supreme Court stated in *Hensley*:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435.

Defendants' argument fails to acknowledge that each of Plaintiff's claims all involve "a common core of facts." Therefore, the time expended by Plaintiff's counsel was "devoted generally to the litigation as a whole" and Plaintiff's lawsuit "cannot be viewed as a series of discrete claims." *Id.* Accordingly, the Court should decline to reduce the number of hours expended based upon Plaintiff's unsuccessful claims.

Finally, Defendants fail to cite any legal authority for the proposition that fees should be awarded solely against the corporate defendant and not against Winchester Key. Nor is there any factual basis to support Defendants' request. Plaintiff was employed by East Brooklyn Security Services, whose principal was Key. Plaintiff testified that he advised Key that his assignment to Williams Avenue had a negative impact on his physical condition and caused him increasing discomfort and back pain. Plaintiff testified that he asked to be reassigned from Williams Avenue as a reasonable accommodation for his disability. (T10:18-25;11:1) (T36:19-

3

23) (T38:14-25;39:1-14); (Plaintiff's Exhibit 1); (T42-43, 44:1-13).  Plaintiff's unrebutted testimony was that he provided Key with a memorandum requesting assignment to a different location because the assignment to Williams Avenue was exacerbating his back condition and that Key ignored his request.  To grant Defendants' request to limit the award to the corporate defendant only would result in injustice and render an attorneys' fee award meaningless because East Brooklyn Security Services Corp., a subsidiary of East New York Urban Youth Corps., of which Key is president and CEO, is a defunct entity. (T.205) (T.3, 8). East New York Urban Youth Corps., which was not Plaintiff's employer, presently provides for its own security.  The fact that East Brooklyn Security Services is judgment proof is precisely why Defendants urge the Court to limit a fee award to that defendant only.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to enter an Order awarding attorneys' fees, and such other relief as the Court deems just, equitable and proper.

Dated: Farmingdale, New York
December 1, 2014

*Respectfully submitted,*

FRANK & ASSOCIATES, P.C.

By:     /S/
Peter A. Romero
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
(631) 756-0400 Tel.
(631) 756-0547 Fax
promero@laborlaws.com

*Attorneys for Plaintiff*

4